FILED
United States Court of Appeals
Tenth Circuit

October 20, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARK A. PALLOTINO, SR.;
MARK S. PALLOTINO, JR.,

     Plaintiffs-Appellants,

v.

CITY OF RIO RANCHO; ACTING
CHIEF OF POLICE CAPT.
MICHAEL BAKER; DAVID
HUBBARD; JEREMY MELTON;
BRIAN LINK; ROBERTA
RADOSOVICH; S.W.A.T. TEAM
COMMANDER LT. SCOTT
KELLOGG; JOHN OR JANE DOES
I-X, in their official and individual
capacities,

     Defendants-Appellees.

No. 08-2258
(D.C. No. 1:06-CV-00006-JEC-WDS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **HOLLOWAY**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mark A. Pallotino, Sr. and Mark S. Pallotino, Jr. appeal from the district court's judgment entered in favor of defendants. Because the district court has not disposed of all of the federal claims presented by plaintiffs in their complaint, we must dismiss the appeal for lack of jurisdiction and remand to the district court for further proceedings.

## I. Background

The main issue relevant to the disposition of this appeal is the treatment of Count X in plaintiffs' complaint. Because this is a jurisdictional dismissal, we are not reaching the merits of the claims brought in the complaint, and we will not discuss the factual allegations in the complaint, except to the extent that they are relevant to the consideration of Count X. The bulk of the complaint—the first eight counts—related to events involving Mr. Pallotino, Sr. The final count, Count X, was the sole count related to events involving Mr. Pallotino, Jr.[1] With respect to the first eight counts involving Mr. Pallotino, Sr., the complaint alleged two state law claims under the New Mexico Tort Claims Act (NMTCA), and six federal claims under 42 U.S.C. § 1983. The headings for each of the first eight counts either identified the NMTCA or § 1983. *See* Aplt. App., Vol. I at 37-44.

---

[1] There was an error in the numbering of the complaint when plaintiffs skipped from Count VII to Count IX. *See* Aplt. App., Vol. I at 43-44. As a result, there was no Count VIII in the complaint, and there was a total of nine counts, not ten counts.

The heading for the final count was titled: "COUNT X - EXCESSIVE FORCE, ASSAULT AND BATTERY." Aplt. App., Vol. I at 44. In this count, Mr. Pallotino, Jr. asserted he "had a Fourth Amendment right to be free from the use of excessive force by Rio Rancho Department of Public Safety S.W.A.T. team members," that "[the S.W.A.T. team members'] conduct rose to the level of excessive force when they dragged Plaintiff Jr. from his bedroom at approximately 2:00 a.m., violently handcuffed his wrists behind his back and aimed loaded weapons at him during the execution of an arrest warrant for Plaintiff Sr.," and the "S.W.A.T. team members' excessive force against [him] was unconstitutional, intrusive, and directly and proximately" caused his injuries. *Id*. at 45. In addition, Mr. Pallotino, Jr. alleged that "[t]he S.W.A.T. team members' conduct also constituted assault and battery." *Id*.

Defendants first moved for partial summary judgment on Counts III, IV, V, VI, VII, and IX–the federal claims brought by Mr. Pallotino, Sr. The district court initially granted the motion as to all but one count but the court reversed its decision when it granted plaintiffs' motion for reconsideration. In defendants' second motion for partial summary judgment, they moved for judgment "on the 42 U.S.C. § 1983 claims and related state law claims of plaintiffs in Counts I through VII and IX of their complaint." Aplt. App., Vol. II at 308. There was no mention of Mr. Pallotino, Jr.'s claims or Count X in the defendants' motion or their memorandum in support of the motion.

In its order on the second summary judgment motion, the district court noted that defendants had not addressed Count X. *See id.* at 462. The district court then granted summary judgment in favor of defendants on Counts I, III, IV, V, VI, VII, and IX. With respect to Counts II and X, the court declined to exercise supplemental jurisdiction over the state law claims asserted in those counts, and it remanded those claims to state court. *See id.* at 477, 479. The district court then entered final judgment in favor of defendants on Counts I, III, IV, VI, VII, and IX of plaintiffs' complaint. *See id.* at 480. Plaintiffs filed a notice of appeal from the district court's judgment.

## II. Discussion

In their opening brief, plaintiffs argue that the district court erred in entering final judgment without disposing of Mr. Pallotino, Jr.'s § 1983 claim for excessive force in Count X of the complaint. They ask that their case be remanded to the district court for this federal claim to be considered. Plaintiffs contend that Mr. Pallotino, Jr.'s § 1983 claim for excessive force was not mentioned in defendants' second motion for summary judgment or the district court's order. Defendants respond that plaintiffs' argument is barred by the doctrine of judicial estoppel because "the claim was pled as a state law claim, not one founded on federal law." Aplee. Br. at 2.

In considering whether to apply the doctrine of judicial estoppel, courts typically consider three factors:

> First, a party's subsequent position must be clearly inconsistent with its former position. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

*Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (quotations, citations, and alterations omitted).

Defendants argue that the first factor is met because Mr. Pallotino Jr.'s "newly minted contention that the excessive force cause of action is actually a federal claim is clearly contradictory to his earlier concession that it is a state law claim." Aplee. Br. at 4. But defendants do not offer any record citation to support this statement, and there does not appear to be any support for defendants' position in the record. The introductory paragraph of the complaint is consistent with plaintiffs' position that Count X can be read as alleging a violation under § 1983. That paragraph stated:

> Plaintiffs Mark A. Pallotino, Sr., and Mark S. Pallotino, Jr., . . . bring this complaint for defamation of character and malicious abuse of process under state tort law, and for violation of their civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, as provided under 42 U.S.C. §§ 1983 and 1988.

Aplt. App., Vol. I at 21. Although the pleading of Count X is not the most artful, it can be read to encompass two separate claims: a federal § 1983 claim for excessive force in violation of the Fourth Amendment, *see Baker v. McCollan*, 99 S. Ct. 2689, 2695 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution"), and a state law claim for assault and battery. This conclusion is consistent with the heading for Count X ("EXCESSIVE FORCE, ASSAULT AND BATTERY") and the language in the complaint (asserting that Mr. Pallotino, Jr. "had a Fourth Amendment right to be free from the use of excessive force by Rio Rancho Department of Public Safety S.W.A.T. team members" and that the "[t]he S.W.A.T. team members' conduct also constituted assault and battery"). Aplt. App., Vol. I at 44-45. Plaintiffs did not take any position contrary to this in the district court. Because defendants never moved for summary judgment on Count X, there was never an opportunity for plaintiffs to "concede" that this count only involved a state law claim, as argued by defendants.

On the second factor, there is no support for the position that Mr. Pallotino, Jr., persuaded the district court to treat the excessive force claim as a state law claim. Again, other than the complaint, Mr. Pallotino, Jr. never had the opportunity to address Count X because defendants did not move for summary judgment on that count. Without any briefing on this issue from either party, the district court sua sponte declined to exercise supplemental jurisdiction over the

state law claims in Counts II and X.  Moreover, it is not clear from the district court's order that it was treating all of the claims in Count X as state law claims. As discussed above, Count X can be read as pleading two claims:  a state law claim for assault and battery and a § 1983 claim for excessive force.  The district court's order clearly remanded the assault and battery claim in Count X to state court.  It is unclear from the order, however, whether the district court also was characterizing the excessive force claim in Count X as a state law claim or whether the court simply failed to address the excessive force claim.  In any event, the district court was not misled by plaintiffs.

Finally, defendants do not explain how plaintiffs would gain an unfair advantage if they are not estopped from taking the position on appeal that the excessive force claim is a federal claim and that the district court erred in entering judgment without considering it.  Defendants failed to move for summary judgment on Count X so it is undisputed that the merits of the excessive force claim have not been considered by the district court.  The introductory paragraph to the complaint indicates that Mr. Pallotino, Jr. is bringing a civil rights claim under 42 U.S.C. § 1983 and the language in Count X asserts that defendants violated his Fourth Amendment rights by using excessive force.  There is no unfair advantage to Mr. Pallotino, Jr. to have this § 1983 claim adjudicated by the federal court that has jurisdiction over it, *see* 28 U.S.C. § 1331 ("The

district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

### III.  Conclusion

Defendants have not demonstrated that plaintiffs should be judicially estopped from arguing that the excessive force claim in Count X is a federal claim that was not ruled on by the district court.  We agree with plaintiffs that Count X can be read as pleading a claim under § 1983 for excessive force in violation of the Fourth Amendment.  We therefore lack appellate jurisdiction over this appeal because there has been no final decision within the meaning of 28 U.S.C. § 1291.  The district court's judgment is not a final decision because the court has only partially disposed of the federal claims before it—Mr. Pallotino, Jr.'s § 1983 claim remains for adjudication.  *See Orient Mineral Co. v. Bank of China*, 506 F.3d 980, 989-90 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 2872 (2008), ("[A] judgment that does not dispose of all claims is not considered a final appealable decision under § 1291."  (quotation and alteration omitted)).[2]

---

[2]  There is no other basis for appellate jurisdiction.  The district court did not certify the judgment as a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, and this is not a proper interlocutory appeal under 28 U.S.C. § 1292(b).

Accordingly, we DISMISS the appeal for lack of jurisdiction, and REMAND to the district court for further proceedings consistent with this order and judgment.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge